IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                                                                            No. CR 08-1335 JB

ROSALIO CASTRO-SALAZAR,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Unopposed Motion for One Additional Level Reduction in Offense Level Based on the Government's New "Fast-Track Plea Program," filed September 30, 2008 (Doc. 18). The Court held a sentencing hearing on October 3, 2008. The primary issue is whether the Court should, under the United States Attorney's new early disposition – or "fast track" – program, reduce Defendant Rosalio Castro-Salazar's base offense level one additional offense level. Because a motion for a downward departure pursuant to an early disposition program must be made by the United States, not a defendant, the Court will deny the motion. Additionally, regardless whether the motion was made by the United States or by Castro-Salazar, the Court is concerned with whether it can grant the additional offense-level reduction under the new fast-track program without a new plea agreement. Because the terms of rule 11(c)(1)© and of the plea agreement itself forbid any modification, the Court concludes that a written modification to the plea agreement is necessary to bring Castro-Salazar within the ambit of the new fast-track reduction. The Court further concludes that it can accept a plea agreement modified to take advantage of the new fast-track program, despite a lack of new consideration, and

will accept the parties' modified plea agreement and depart downward pursuant to a motion by the United States.

## PROCEDURAL BACKGROUND

On June 16, 2008, Castro-Salazar entered a guilty plea to the offense of reentry of a previously removed alien in violation of 8 U.S.C. § 1326. Castro-Salazar's plea was pursuant to the United States' former fast-track plea program, which reduced his offense level by one level. Under the United States' former fast-track program, Castro-Salazar's adjusted offense level is 9.

Recently, after Castro-Salazar pled guilty, the United States amended its fast-track plea program to afford certain defendants one additional offense-level reduction. Because Castro-Salazar qualified for the Untied States' former fast-track plea program, he now qualifies for a plea under the new program and would receive an additional one level reduction under the new program. In Castro-Salazar's case, one additional offense-level reduction, pursuant to the United States' new fast-track plea program, would result in an adjusted offense level of 8.

Castro-Salazar's counsel spoke in person to Supervisory Assistant United States Attorney James Tierney on Tuesday, September 30, 2008, and Mr. Tierney indicated that the United States has no objection to the reduction of one additional offense level. Castro-Salazar moves the Court, under the United State Attorney's new fast-track plea program, for one additional level reduction in offense level, for an adjusted offense level of 8.

At the sentencing hearing, the Court made its concerns whether the existing plea agreement could form the basis of a downward departure motion under the new fast-track program known to the parties. The United States and Castro-Salazar modified the plea agreement in writing and signed the modified agreement. The Court confirmed with Castro-Salazar that he consented to the modification. The Court accepted the new plea agreement and the United States moved for a

downward departure pursuant to the new fast-track program.

## **ANALYSIS**

The United States Attorney's fast-track plea program is an early disposition program pursuant to § 5K3.1 of the Sentencing Guidelines.  See Prosecutorial Remedies and Other Tools to end the Exploitation of Children Act of 2003, Pub. L. No. 108-21, § 401(m)(2)(B), 117 Stat. 650, 675 (directing Sentencing Commission to promulgate guideline policy statement authorizing downward departures in early disposition programs).  The Sentencing Guidelines require that the United States move for a downward departure in an early disposition program.  See U.S.S.G. § 5K3.1.  Castro-Salazar is the one who filed the motion here.  While the United States does not oppose the motion, the United States is not the movant.  Accordingly, Castro-Salazar's motion is procedurally defective, and the Court will deny the motion.

The Court is concerned, however, about its authority to grant the relief Castro-Salazar seeks, regardless whether the United States or Castro-Salazar initiates the motion.  Even though the parties are in agreement that an additional one-level reduction in offense level is warranted, the Court concludes that a new plea agreement or a modification is required.

Castro-Salazar's plea agreement is pursuant to rule 11(c)(1)© of the Federal Rules of Criminal Procedure, which "binds the court once the court accepts the plea agreement."  Fed. R. Crim. P. 11(c)(1)©.  The plain language of the rule precludes a court from imposing a sentence that differs from one contained in the plea agreement.  See United States v. Peveler, 359 F.3d 369, 378-79 (6th Cir. 2004).  Cf. United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996)(holding that district court lacked authority to modify a sentence after guidelines amendment because sentence imposed under rule 11(c)(1)© plea agreement was a stipulated sentence, and not a guidelines-based sentence).  Castro-Salazar's plea agreement contains a stipulated offense level of 9.  The Court is

therefore concerned that Castro-Salazar and the United States need to enter into a new plea agreement under the new fast-track program for Castro-Salazar to benefit from the extra level reduction in offense level.

Although plea agreements deal with a subject matter different from a commercial contract, they are nonetheless agreements, and generally the principles of contract interpretation and enforcement govern plea agreements. See United States v. Villa-Vazquez, 536 F.3d 1189, 1199 (10th Cir. 2008). The parties can therefore modify their agreement. The plea agreement at issue here, however, contains an integration clause declaring that the "document is a complete statement of the agreement of the parties in this case and may not be altered unless done so in writing and signed by all the parties." Fast Track Plea Agreement ¶ 8, at 5, filed June 16, 2008 (Doc. 15). Accordingly, the parties must modify their plea agreement in writing in accordance with the terms of the original agreement. See United States v. Arevalo-Jimenez, 372 F.3d 1204, 1207 (10th Cir. 2004)(holding that the defendant was bound by waiver-of-appeal rights in plea agreement because there had been no written modification of the plea agreement as the terms of the agreement required).

The Court made this decision known to the parties at the sentencing hearing, and the parties modified their plea agreement in writing and signed the revised agreement. Although there appears to be no consideration for this modification, the pre-existing duty rule of contract law is not a problem here. The United States Court of Appeals for the Tenth Circuit, discussing plea agreements, has noted that the pre-existing duty rule is not "a universally accepted principle of contract law." United States v. Novosel, 481 F.3d 1288, 1291 (10th Cir. 2007). After a short discussion of a case and a treatise expressing negative views about the rule, the Tenth Circuit chose to rely on the "well-established exception to the preexisting duty rule" for contracts that were not

fully performed to hold that a modified plea agreement was binding despite no new consideration when the modification had preceded the defendant's guilty plea.  Id.  United States v. Novosel indicates that a court should, at a minimum, be cautious about invalidating a modification to a plea agreement because of a lack of new consideration.  The Court is not aware of any Tenth Circuit precedent holding that new consideration is required for the modification of a plea agreement.

Moreover, there is no dispute between the United States and Castro-Salazar about the modified plea agreement.  Because neither side is alleging that the other side has breached or is contesting the validity of the plea agreement, the Court believes that it can except the modified plea agreement despite a lack of new consideration.  The purpose of the pre-existing duty rule is to prevent a stronger party from forcing a weaker party to make changes to an existing contract without consideration.  That policy is not implicated here, and given the Tenth Circuit's caution towards the rule in the plea agreement context and the fact that neither party is attempting to enforce the plea agreement, the Court will accept the modified plea agreement.

The Court also does not find it necessary to conduct a new plea colloquy with Castro-Salazar.  The modified plea agreement will benefit him, and the Court conducted an abbreviated colloquy with him to make sure that he understood the modification's consequences and had agreed to the new modification.

After the Court accepted the modified plea agreement, the United States moved for a downward departure under the new fast-track program.  The Court will grant that motion and will depart downward two levels for an adjusted offense level of 8.  The Court will sentence Castro-Salazar to 18 months incarceration.

**IT IS ORDERED** that the Defendant's Unopposed Motion for One Additional Level Reduction in Offense Level Based on the Government's New "Fast-Track Plea Program" is denied.

The Court will grant the United States' motion for a downward departure and sentence the Defendant to 18 months incarceration.

                                                                            _____
                                                                          UNITED STATES DISTRICT JUDGE

Counsel:

Gregory J. Fouratt
  United States Attorney
Mary Catherine McCulloch
Kimberly Brawley
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Joseph W. Gandert
  Assistant Federal Public Defender
Albuquerque, New Mexico

    *Attorney for the Defendant*